IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ANTHONY DAILEY,<br><br>     Plaintiff,<br><br>vs.<br><br>LT. BRYCE, C.O. MILLER, UNIT MANAGER TROMBLEY, and WARDEN OF CASCADE COUNTY CORRECTIONAL FACILITY,<br><br>     Defendants. | CV 14-0008-GF-BMM-JTJ<br><br><br>ORDER |

Plaintiff Anthony Dailey has filed a Motion Seeking Subpoenas Duces Tecum. (Doc. 23.) Mr. Dailey seeks discovery from defendants and an affidavit from another inmate. The motion will be denied for several reasons. First, the Court has not yet issued a scheduling order in this matter, and the parties cannot begin discovery until a scheduling order is issued. L.R. 26.1(d). A scheduling order will be issued after a decision is made on Defendants' pending Motion for Summary Judgment. (Doc. 12.)

Second, the Court is not inclined to issue a subpoena to the named defendants as there are other methods of discovery that will not require Court intervention or the expenditure of government resources. The authorization of a

1

subpoena duces tecum requested by a forma pauperis litigant is subject to limitations. *Alexander v. California Dep't of Corrections*, 2010 WL 5114931 (E.D. Cal). Because personal service of a subpoena duces tecum is required under Rule 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Frazier v. Redding Police Dep't*, 2012 WL 5868573 (E.D. Cal.) (citation omitted).

Once the Court issues a scheduling order, Mr. Dailey may issue discovery requests, without subpoena, upon any of the named parties. *See* Fed.R.Civ.P. 33(a)(1) ("a party may serve on any other party no more than 25 written interrogatories"); Fed.R.Civ.P. 34(a) ("[a] party may serve on any other party a request" for the production of documents); Fed.R.Civ.P. 36(a)(1) ("a party may serve on any other party a written request to admit"). Given that there are other methods of obtaining the information sought by Mr. Dailey without Court intervention and without expending the resources of the United States Marshal's Office, the request for a subpoena for documents from defendants will be denied.

Mr. Dailey also seeks a subpoena to command a non-party to produce an affidavit. Rule 45 of the Federal Rules of Civil Procedure allows the issuance of a subpoena to: "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or

control; or permit the inspection of premises." Fed.R.Civ.P. 45(a)(1)(A)(iii). There is no provision under this rule that allows a party to subpoena a non-party to create an affidavit, and the Court cannot subpoena an affidavit that does not exist. *See Swan v. U.S.*, 738 F.Supp.2d 203, 207 (D. Mass. 2010) (the Court cannot subpoena affidavits (as opposed to the appearance of witnesses to testify at depositions or at trial)).

Accordingly, Mr. Dailey's Motion Seeking Subpoenas Duces Tecum (Doc. 23) is **DENIED.**

DATED this 24th day of March, 2015.

                                           */s/ John Johnston*
                                           John Johnston
                                           United States Magistrate Judge