IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

ANTHONY DAILEY,

     Plaintiff,

       vs.

LT. BRYCE, C.O. MILLER, UNIT
MANAGER TROMBLEY, and
WARDEN OF CASCADE COUNTY
CORRECTIONAL FACILITY,

     Defendants.

CV 14-0008-GF-BMM-JTJ

FINDINGS AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE
JUDGE TO DENY MOTION FOR
SUMMARY JUDGMENT

Defendants have filed a Motion for Summary Judgment in which they argue that Plaintiff Anthony Dailey failed to exhaust his prison grievance remedies with regard to his failure to protect claims against Defendants Bryce, Miller, Trombley, and the Warden of Cascade County Correctional Facility. (Motion for Summary Judgment, Doc. 12.) Mr. Dailey opposes the motion, arguing that administrative remedies were not available to him because he was assaulted within the time for filing an emergency grievance. He also argues that, to the extent he failed to timely file a grievance, it was because of brain damage and feared retaliation. (Dailey's Response, Doc. 21; Amended Complaint, Doc. 7 at 5.)

Having considered the parties' arguments and submissions, the Court finds

1

that Defendants failed to meet their burden of demonstrating that administrative

remedies were available to Mr. Dailey at the Great Falls Regional Prison (GFRP).

Accordingly, Defendants' Motion for Summary Judgment should be denied.

## I.  SUMMARY JUDGMENT STANDARD

The Ninth Circuit in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en

banc), recently held that the proper procedural device for determining whether

administrative remedies have been exhausted is a motion for summary judgment.

*Id.* at 1168.  The Court shall grant summary judgment if there is no genuine issue of

material fact and the movant is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(a).  The party moving for summary judgment has the initial burden

of showing there is no genuine issue of material fact.  *Adickes v. S.H. Kress & Co.*,

398 U.S. 144, 157 (1970).  If the moving party makes a prima facie showing that

summary judgment is appropriate, the burden shifts to the opposing party to show

the existence of a genuine issue of material fact.  *Id*.  On summary judgment, all

inferences should be drawn in the light most favorable to the party opposing

summary judgment.  *Id*. at 159.  Filings by pro se litigants are entitled to special

deference and are not held to the standards of attorneys.  *Eldridge v. Block*, 832

F.2d 1132, 1137 (9th Cir. 1987).

A fact is material if it might affect the outcome of the suit under the

governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

## II.  FACTUAL BACKGROUND

Mr. Dailey was incarcerated at the GFRP, located in the Cascade County Detention Center, at all times relevant to his Complaint.  (Statement of Undisputed Facts, Doc. 14 at ¶ 1.).  He alleges that on March 6, 2013, Inmates Nate Swain and Leroy Edwards stole items from his cellmate, and Mr. Dailey gave testimony against these inmates and was later subpoenaed to testify against Mr. Swain. (Dailey Affidavit, Doc. 21-1 at ¶ 12.).  Mr. Swain and Mr. Edwards were placed in segregated housing after the theft.  About a week later, Mr. Edwards returned to the block where Mr. Dailey was housed.  Mr. Edwards began calling Mr. Dailey names such as "rat" and "snitch."  (Dailey Affidavit, Doc. 21-1 at ¶ 14.)  Fearing for his safety, Mr. Dailey told Lt. Bryce and Correctional Officer Miller that he felt he was in danger because he was housed in the same unit as Mr. Edwards, Mr. Edwards had threatened him, and he had been labeled an informant.  Lt. Bryce and Officer Miller refused Mr. Dailey's request to be moved.  Within a few days, Mr. Edwards and another inmate entered Mr. Dailey's cell and physically assaulted him. (Complaint, Doc. 2 at 6; Response Brief, Doc. 21 at 2; Dailey Affidavit, Doc. 21-1.)

Mr. Dailey was beaten unconscious and suffered a concussion. He had lacerations on his head and finger, his mouth was split open, and two front teeth were cracked and fractured. He alleges that as a result of the attack he has post traumatic stress disorder, severe head trauma, major depressive disorder, and severe paranoia. (Complaint, Doc. 2 at 7; Response Brief, Doc. 21 at 2.) Mr. Dailey was moved to Montana State Prison approximately three weeks after the assault. (Dailey Affidavit, Doc. 21-1 at 15, ¶ 43.)

Mr. Dailey alleges Lt. Bryce and Officer Miller were deliberately indifferent to his safety when they refused his request to be moved. (Complaint, Doc. 2 at 6.)

### III.  ANALYSIS

The Prison Litigation Reform Act ("PLRA")'s exhaustion requirement states:

[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Exhaustion is mandatory. *Booth*, 532 U.S. at 741; *Jones v. Bock*, 549 U.S. 199, 211 (2007). The appropriate means of

determining whether a defendant has proved a failure to exhaust is governed by the

following burden-shifting regime:

> a defendant must first prove that there was an available administrative
> remedy and that the prisoner did not exhaust that available remedy.
> Then, the burden shifts to the plaintiff, who must show that there is
> something particular in his case that made the existing and generally
> available administrative remedies effectively unavailable to him by
> showing that the local remedies were ineffective, unobtainable, unduly
> prolonged, inadequate, or obviously futile. The ultimate burden of
> proof, however, remains with the defendants.

*Williams v. Paramo*, 775 F.3d 1182, 1190-91 (9th Cir. 2015) (internal quotations

and citations omitted).

Generally speaking, the term " 'remedy' can mean either specific relief

obtainable at the end of a process of seeking redress, or the process itself, the

procedural avenue leading to some relief." *Booth*, 532 U.S. at 738. As used in 42

U.S.C. § 1997e(a), "remedies" refers "to the procedural means, not the particular

relief" sought. *Id.*

"[A]n inmate must exhaust irrespective of the forms of relief sought and

offered through administrative avenues." *Booth*, 532 U.S. at 741. Although the

grievance procedure may not offer the specific relief sought by the inmate, as long

as there is some type of relief available, an inmate must fully exhaust the grievance

procedure. *Booth*, 532 U.S. at 736. Therefore, proving an "available administrative

remedy" requires proof of an accessible grievance procedure (remedy) and proof that some type of relief (albeit not the exact relief sought by the inmate) remains available.

A prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

Defendants' Motion for Summary Judgment should be denied for several reasons. First, Defendants failed to meet their burden of demonstrating that an administrative grievance procedure was effectively available to Mr. Dailey. A defendant must produce evidence showing that a remedy (grievance procedure) is available "as a practical matter," that is, it must be "capable of use; at hand." *Albino*, 747 F.3d at 1171. The only evidence presented by Defendants regarding a grievance policy is Commander Dan O'Fallon's Affidavit with an attached copy of the Department of Corrections' Montana State Prison (MSP) Operational Procedure related to inmate grievances. (Doc. 14-1.) There is, however, no evidence that the MSP policy applies at the GFRP.

Commander O'Fallon also indicates that "[a]ll inmates have access to this policy via the GFRP's legal library computer, which they may sign up to use five or more hours per week." (Doc. 14-1 at ¶ 2.) But there is no evidence regarding how

inmates were made aware that the policy was on the legal library computer or that it applied to inmates at GFRP. The Court must consider what "information [was] provided to the prisoner concerning the operation of the grievance procedure." *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005). This information "is pertinent because it informs [the] determination of whether relief was, as a practical matter, 'available.' " *Id.*

Here there is no evidence regarding what grievance policy applied to inmates at GFRP at the time of the March 2013 incident and no evidence regarding if or how Mr. Dailey was made aware of any such policy. Therefore, Defendants failed to meet their burden of demonstrating that there was an available administrative remedy.

Secondly, Mr. Dailey argues there was no further relief available to him after he had been attacked. He contends that the grievance procedure that applied to his situation was the emergency grievance procedure that gave inmates 48 hours to file a grievance regarding an "actual, or risk of, immediate physical harm." (Inmate Grievance Program, Doc. 14-1 at 9, ¶ III(I).) Mr. Dailey argues the incident that he should have grieved was the denial of his request to be moved due to threats and being labeled a snitch. He argues he was allowed 48 hours to present such an emergency grievance but was attacked prior to being able to do so. Mr. Dailey

argues that the only remedy available to him was for Defendants to move him or move his attacker. Since he was immediately moved after the attack there was no longer a remedy available "as a practical matter." *Albino*, 747 F.3d at 1171.

Defendants do not address this argument. "*Booth* made quite clear that the statutory language does not require exhaustion when no pertinent relief can be obtained through the internal process." *Brown*, 422 F.3d at 935. Defendants do not dispute that no further relief was available to Mr. Dailey after he was attacked. Defendants argue that the emergency grievance procedure was available and the fact that Mr. Dailey did not use the procedure does not negate its availability or its efficacy. (Reply Brief, Doc. 25 at 2.) However, Defendants do not address Mr. Dailey's "available relief" argument. A defendant must demonstrate that there is an available administrative remedy (procedure) and "that pertinent relief remained available." *Brown*, 422 F.3d at 936-937. Defendants failed to meet this burden.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

Defendants' Motion for Summary Judgment (Doc. 12) should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure

to timely file written objections may bar a de novo determination by the district

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed

until entry of the District Court's final judgment.

DATED this 24th day of April, 2015.


    /s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1]As this deadline allows a party to act after the Findings and
Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3)
days are added after the period would otherwise expire.