# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| ANTHONY DAILEY,<br><br>Plaintiff,<br><br>vs.<br><br>LT. BRYCE, C.O. MILLER, UNIT MANAGER TROMBLEY, and WARDEN OF CASCADE COUNTY CORRECTIONAL FACILITY,<br><br>Defendants. | CV 14-08-GF-BMM<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE TO DENY MOTION FOR SUMMARY JUDGMENT** |

The defendants Lt. Bryce, C.O. Miller, Unit Manager Trombley, and the Warden of Cascade County Correctional Facility (collectively "Defendants") have moved this Court pursuant to Fed. R. Civ. P. 56(a) to grant summary judgment in their favor. (Doc. 12). The Defendants argue that plaintiff Anthony Dailey's complaint should be dismissed for failure to exhaust prison grievance remedies. (Doc. 13).

Dailey opposes the motion. (Doc. 21). Dailey is a prisoner proceeding in forma pauperis. (Doc. 4). Dailey claims that administrative remedies were unavailable due to the fact that he was assaulted within the time frame for filing a

1

grievance. (Docs. 21, 7 at 5). Dailey also claims that his failure to timely file a grievance is a result of his brain damage and fears of retaliation. *Id*.

United States Magistrate Judge John Johnston entered Findings and Recommendations on April 24, 2015. (Doc. 26). Judge Johnston found that the Defendants had failed to meet their burden of demonstrating that administrative remedies were available to Dailey at the Great Falls Regional Prison ("GFRP"). *Id*. Judge Johnston recommends that this Court deny the motion. *Id*. Judge Johnston concurrently issued a scheduling order. (Doc. 27).

The Court need not review *de novo* the proposed Findings and Recommendations in the absence of objections by either party. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no clear error, and adopts Judge Johnston's Findings and Recommendations in full.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), imposes a mandatory duty on plaintiff prisoners to first exhaust administrative remedies before filing suit in federal court. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). The Court may grant the motion if the Defendants have demonstrated that a grievance procedure was available to Dailey

as a practical matter. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014); *Booth*, 532 U.S. at 736.

The Defendants have failed to meet their burden of demonstrating that an administrative grievance procedure was effectively available to Dailey. The record lacks sufficient evidence to establish that a grievance procedure was available to Dailey "as a practical matter" that is "capable of use" and "at hand." *Albino*, 747 F.3d at 1171. The Defendants offer the affidavit of Dan O'Fallon, the GFRP Warden and Commander of Cascade County Detention Center, in support of their motion. (Doc. 14-1). The Defendants attached to O'Fallon's affidavit a copy of the Department of Corrections' Montana State Prison Operation Procedures related to inmate grievances ("MSP Policy"). *Id*. Absent from the record, however, is proof that the MSP Policy applies to GFRP.

The Court also must consider the information provided to the prisoner regarding the grievance procedure's operation. *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005). O'Fallon's affidavit claims that GFRP inmates have access to the MSP Policy through GFRP's legal library computer. (Doc. 14-1). The record lacks evidence on how GFRP inmates, including Dailey, were made aware that the MSP Policy was accessible through the prison library computers or that the MSP Policy applied to GFRP inmates.

The Defendants likewise have failed to meet their burden of demonstrating that pertinent relief offered by the grievance procedure remained available to Dailey in light of the attack upon him at GFRP. *Brown*, 422 F.3d at 936-37. Dailey requested relocation based on his fears of retaliation and threats from other inmates. The Defendants denied Dailey's request. Dailey was attacked by other inmates before he could file an emergency grievance. There was no longer a remedy available as a "practical matter" based on the fact that the Defendants moved Dailey immediately after the attack. *Albino*, 747 F.3d at 1171. Dailey is excused from the exhaustion requirement based on the absence of pertinent relief available through the internal process. *Brown*, 422 F.3d at 935.

**IT IS HEREBY ORDERED** that the defendants Lt. Bryce, C.O. Miller, Unit Manager Trombley, and the Warden of Cascade County Correctional Facility's motion for summary judgment (Doc. 12) is DENIED WITHOUT PREJUDICE. Judge Johnston's findings and recommendations (Doc. 26) are adopted IN FULL.

DATED this 11th day of May, 2015.

_____
Brian Morris
United States District Court Judge